UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 26-57158-JWC |
| | : | |
| CURTIS WALTER HINTON, JR., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS CASE**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Curtis Walter Hinton, Jr. ("**Debtor**"), and, through undersigned counsel, files Trustee's Response in Opposition to Debtor's Motion to Dismiss Case (the "**Response**"). In support of the Response, Trustee respectfully shows:

**Introduction**

On his bankruptcy schedules, Debtor disclosed an interest in residential real property that he valued at $725,000.00, encumbered by a single scheduled lien in the amount of $337,601.00. Against that apparent equity of nearly $390,000.00, Debtor scheduled a total of $1,672.00 in nonpriority unsecured debt. On Debtor's own numbers, this is a case in which every unsecured creditor can be paid in full.

Trustee has also determined that taxing authorities recorded liens against that same real property within ninety days of the Petition Date, and Trustee is investigating the pre-petition recording of those liens and the subsequent sale of that property. Avoidance and recovery of those liens would preserve further value for the Bankruptcy Estate and its creditors.

After the Section 341 meeting, and as it became clear that Trustee would investigate and

pursue these matters, Debtor amended his Schedule C to claim a homestead exemption in the property. Two days after the Court authorized Trustee to employ counsel to investigate and, if warranted, prosecute those avoidance claims, Debtor filed a one-sentence, handwritten motion to dismiss this case—personally, and notwithstanding that he is represented by counsel of record.

The motion states no grounds whatsoever. It identifies no cause and cites no authority. Trustee opposes Debtor's request to dismiss this case because Debtor cannot meet the high burden necessary to receive such relief, and because dismissal would prejudice creditors who stand to be paid a significant portion of their claims, if not be paid in full.

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## Background

### *a. General Background*

2. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 1, 2026 (the "**Petition Date**"). [Doc. No. 1].

3. Debtor filed the Case through his counsel, Milton D. Jones, who signed and filed the petition and who remains Debtor's counsel of record in the Case. *Id.*

4. On June 29, 2026, Debtor moved to convert the Case to a case under Chapter 7 of the Bankruptcy Code [Doc. No. 18], and the Case was converted to Chapter 7 on June 30, 2026.

5. Trustee was appointed upon conversion of the Case and remains the duly acting Chapter 7 trustee.

6. Upon Debtor's filing his voluntary bankruptcy petition, the Bankruptcy Estate was

formed, and it includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

7. This is Debtor's second bankruptcy case of 2026. Debtor filed a prior case under Chapter 13 on January 22, 2026, Case No. 26-50902, which was dismissed on April 8, 2026 for failure to make plan payments. Because of that prior filing, Debtor moved on June 8, 2026 to extend the automatic stay in this Case [Doc. No. 14].

***b. The Property and the Assets Available to the Bankruptcy Estate***

8. On the Petition Date, Debtor filed his schedules of assets and liabilities [Doc. No. 1] (the "**Schedules**") together with his Statement of Financial Affairs [Doc. No. 1].

9. On his Schedule A/B, Debtor identified an interest in that certain real property with a common address of 209 Kingscastle Drive, Ellenwood, Georgia 30294 (the "**Property**"), which Debtor valued at $725,000.00. *Id.*

10. On his Schedule D, Debtor listed a single secured claim against the Property in favor of Farmers and Merchants Bank in the amount of $337,601.00, arising from a debt incurred on December 21, 2020. *Id.*

11. On his Schedule E/F, Debtor scheduled nonpriority unsecured liabilities totaling $1,672.00. *Id.*

12. On Debtor's own scheduled figures, therefore, the Property carries apparent equity of approximately $387,399.00 over the only secured claim Debtor scheduled against it—many times over the total unsecured debt Debtor scheduled in the Case.[1]

---

[1] The values stated are those Debtor scheduled under penalty of perjury. Trustee's investigation into the Property, its value, the liens recorded against it, and its disposition is ongoing, and Trustee reserves all rights with respect to each.

13. In addition, taxing authorities recorded liens against the Property within ninety days of the Petition Date. Trustee is investigating the pre-petition recording of those liens against the Property and the subsequent sale of the Property. Any recovery on account of such claims could bring meaningful additional value into the Bankruptcy Estate for the benefit of creditors.[2] [Doc. No. 26].

***c. The Section 341 Meeting and Trustee's Employment of Counsel***

14. Trustee conducted and concluded the meeting of creditors required by Section 341 of the Bankruptcy Code (the "**341 Meeting**") on August 6, 2026.

15. On August 28, 2026—after the 341 Meeting, and after Trustee's inquiry into the Property—Debtor filed an Amended Schedule C to claim a homestead exemption in the Property [Doc. No. 25].

16. On August 31, 2026, Trustee filed Trustee's Application for Appointment of Attorneys [Doc. No. 26] (the "**Application**"), seeking authority to employ undersigned counsel to investigate and, if warranted, prosecute avoidance actions concerning the pre-petition liens recorded against, and the subsequent sale of, the Property.

17. Trustee served the Application on Debtor by first class United States mail and on Debtor's counsel through the Court's CM/ECF system on August 31, 2026. *Id.*

18. On September 1, 2026, the Court entered its Order Approving Employment of Attorneys, Subject to Objection [Doc. No. 27] (the "**Employment Order**"). The Employment Order was served by the Bankruptcy Noticing Center [Doc. No. 29].

---

[2] Trustee asserts that he may avoid these liens and related transfers under various provisions of the Bankruptcy Code.

***d. The Motion to Dismiss the Bankruptcy Case***

19. On September 3, 2026—two days after entry of the Employment Order, and six days after Debtor amended his Schedule C to claim an exemption in the Property—Debtor filed a handwritten motion to dismiss the Case [Doc. No. 28] (the "**Motion to Dismiss**").

20. The Motion to Dismiss is a court form completed by hand. In the space provided for the title of the pleading, Debtor handwrote what appears to read "Owner Dismiss Case," and the body of the Motion to Dismiss consists of a single handwritten sentence that appears to read, "I'm Dismiss my case [sic]," followed by Debtor's signature. [Doc. No. 28].

21. The Motion to Dismiss states no grounds for the relief it requests. It does not mention the Property, the equity in the Property, the liens recorded against the Property within ninety days of the Petition Date, the sale of the Property, Trustee's investigation, or Trustee's employment of counsel. It cites no statute, rule, or decision. It is unaccompanied by any affidavit, declaration, or other evidence. *Id.*

22. Debtor filed the Motion to Dismiss personally, notwithstanding that Milton D. Jones remains Debtor's counsel of record in the Case. Mr. Jones did not sign the Motion to Dismiss, and he has not moved to withdraw as Debtor's counsel.

23. On September 4, 2026, the Clerk issued a Notice of Debtor's Request for Dismissal and date to file objections [Doc. No. 30], which was served by the Bankruptcy Noticing Center [Doc. No. 31]. Objections to the Motion to Dismiss are due on or before September 28, 2026, and this Response is thus timely.

24. Given the timing of the Motion to Dismiss—filed two days after the Court authorized Trustee to employ counsel to pursue avoidance claims relating to the Property, and days after Debtor amended his Schedule C to claim an exemption in that same Property—Trustee has concerns that the

Motion to Dismiss is an effort to place the Property and the Bankruptcy Estate's avoidance claims beyond the reach of Trustee and Debtor's creditors.

***e. Currently Filed Proofs of Claim***

25. There are currently $470,457.21 of filed proofs of claim in the Debtor's current Bankruptcy Case, $456,149.28 of which are filed as secured. Included in this secured amount is the claim of the Georgia Department of Revenue, which Trustee asserts is assailable under Chapter 5 of the United States Bankruptcy Code.

**Relief Requested**

26. Trustee requests an order denying Debtor's Motion to Dismiss.

27. In the alternative, and to the extent the Court intends to take up evidence on the Motion to Dismiss, Trustee requests a scheduling order, setting discovery and any other deadlines the Court considers appropriate.

**Basis for Relief Requested**

28. "Chapter 7 bankruptcy is not something that you can dip your toe into in order to check the temperature of the water. It is something that you jump into and can only be rescued from if you show cause." *In re Dream Street, Inc.*, 221 B.R. 724, 725-726 (Bkrtcy.W.D.Tex. 1998). "While the debtor may choose to place himself in bankruptcy by filing a petition with this Court to commence his case, he does not have the same degree of discretion in deciding whether he will terminate the proceedings once they are started." *In re Blackmon*, 3 B.R. 167, 169 (Bankr. S.D. Ohio 1980); *see also In re Todd*, 2015 Bankr. LEXIS 2844, *10-11 (Bankr. N.D. Ga. August 6, 2015) (Ellis-Monro, J.) (citing to 11 U.S.C. § 707(a)).

29. "Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case (citations omitted). In order to succeed in a motion to dismiss, the debtor must make a showing

of cause and demonstrate why dismissal is justified. (citations omitted). Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors." *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000) (emphasis added); *see also In re Misty Mountain*, 270 B.R. 53 (W.D.Va. 2001); *In re Stephenson*, 262 B.R. 871 (Bankr. W. D. Okla. 2001).

30. A debtor (or the movant) carries the burden to prove cause for dismissal under Section 707(a). *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 743 (11th Cir. 2000). And, a finding of cause is "committed to the sound discretion of the bankruptcy court." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (quoting *In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)).

31. Applying these principles of law here, and based on the current record before the Court, Debtor cannot carry his burden of proving cause sufficient to support a dismissal of the Bankruptcy Case.

32. The Motion to Dismiss fails at the threshold. Because Debtor bears the burden of proving cause, he must at a minimum identify the cause on which he relies. The Motion to Dismiss identifies none. It says only that Debtor wishes to dismiss his case. That is an assertion of precisely the absolute right to dismissal that a Chapter 7 debtor does not have. *See In re Turpen*, 244 B.R. 431; *In re Blackmon*, 3 B.R. at 169. A court cannot exercise the discretion committed to it, *see In re Smith*, 507 F.3d at 73, on a record that supplies it with nothing to weigh.

33. Even if Debtor had articulated cause—and he has not—the Court should deny the Motion to Dismiss because there would be significant prejudice to creditors. *See In re Turpen*, 244 B.R. 431.

34. The prejudice here is concrete and appears on the face of Debtor's own Schedules. The Property carries apparent equity of approximately $387,399.00 over the only lien Debtor scheduled against it, and Debtor's total scheduled nonpriority unsecured debt is $1,672.00. In this

Chapter 7 case, those creditors stand to be paid a significant portion of their claims, if not in full, through an orderly administration conducted at no cost to them. If the Case is dismissed, each will instead be left to pursue its claim individually, at their own expense, and under state law. *See, e.g., In re Martin*, 30 B.R. 24, 26 (Bankr. E.D.N.C. 1983) (stating "the delay and added costs involved in the pursuit of their state court discovery rights would constitute prejudice to creditors.").

35. Dismissal would also extinguish the Bankruptcy Estate's avoidance claims concerning the liens recorded against the Property within ninety days of the Petition Date. Upon dismissal, property of the estate revests in the entity in which it was vested immediately before the commencement of the Case, and avoided transfers and liens are reinstated. 11 U.S.C. § 349(b).[3] The practical consequence is that the only party with both the standing and the means to pursue those claims for the benefit of creditors—Trustee—would lose them, and the value they represent would be lost to the creditor body.

36. The record also gives the Court reason for caution. This is Debtor's second Chapter 13 case of 2026, the first having been dismissed for failure to make plan payments. Debtor converted this Case to Chapter 7 shortly after a secured creditor objected to confirmation of his plan and sought relief from the automatic stay [Doc. Nos. 16, 17, and 18]. He amended his Schedule C to claim a homestead exemption in the Property only after the 341 Meeting. And he moved to dismiss two days after the Court authorized Trustee to employ counsel to pursue avoidance claims relating to that same Property. A debtor may not invoke Chapter 7 and the protections that come with it and then walk away from the case once it becomes clear that a trustee will administer assets for the benefit of

[3] Section 349(b) of the Bankruptcy Code provides, among other things, that unless the Court orders otherwise, dismissal of a case reinstates certain avoided transfers and liens, vacates certain orders, and revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case. 11 U.S.C. § 349(b).

creditors absent a showing a cause and an absence of prejudice.

37. Finally, the Motion to Dismiss is procedurally irregular in a way that Trustee would like to bring to the Court's attention. Debtor filed it personally, even though Milton D. Jones remains Debtor's counsel of record, did not sign the Motion to Dismiss, and has not moved to withdraw. A represented party ordinarily may not file pleadings on his own behalf, and the Court may decline to consider a pleading filed in that posture. At a minimum, before the Court dismisses a case in which the trustee has identified substantial non-exempt equity and potential avoidance claims, any request for dismissal should be supported by a statement of the cause relied upon.

38. As a result of all the above, the Court should deny the Motion to Dismiss.

WHEREFORE, Trustee prays that the Court deny the Motion to Dismiss, or alternatively, enter a scheduling order for discovery and any other matters considered appropriate by the Court, and the Court grant such other and further relief as it considers just and proper.

Respectfully submitted, this 14th day of September, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**CERTIFICATE OF SERVICE**

This is to certify that I, Michael J. Bargar, have this day caused to be served the foregoing *Trustee's Response in Opposition to Debtor's Motion to Dismiss* upon the following parties by first class United States mail at the addresses stated:

Curtis Walter Hinton, Jr.
209 Kingscastle Drive
Ellenwood, GA 30294

Milton D. Jones, Attorney
12252 Styron Drive
Hampton, GA 30228

S. Gregory Hays, Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 14th day of September, 2026.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709