UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 26-57158-JWC |
| | : | |
| CURTIS WALTER HINTON, JR., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S SUPPLEMENT TO RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS CASE**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Curtis Walter Hinton, Jr. ("**Debtor**"), and, through undersigned counsel, files *Trustee's Supplement to Response in Opposition to Debtor's Motion to Dismiss Case* (the "**Supplement**"), which supplements Trustee's Response in Opposition to Debtor's Motion to Dismiss Case [Doc. No. 32] (the "**Response**"). In support of the Supplement, Trustee respectfully shows:

**Introduction**

Debtor has now amended his motion to dismiss and, for the first time, has sworn to the reason he wants this Case dismissed. He states under penalty of perjury that he has a pending sale of his residence and that "[t]he proceeds from this sale are sufficient to pay off the mortgage and all creditors in full, with no deficit remaining." [Doc. No. 33].

That statement is incorrect, and the public record establishes that it is incorrect. Upon information and belief, the pending offer for the Property is $564,000.00. The liens of record against the Property total $809,631.94—roughly $245,631.94 more than the entire sale price, before any real estate commission is paid. A sale at the pending offer will not pay all creditors in full. It will not even

come close.

What the arithmetic actually shows is the opposite of what Debtor asks the Court to assume. If this Case is dismissed and Debtor sells the Property under state law, the senior liens absorb every dollar: the Internal Revenue Service recovers $47,345.27 of its $326,817.21 lien, no unsecured creditor receives anything, and Debtor himself receives nothing.[1] If the Case remains open and Trustee sells the Property and avoids the three liens recorded against it within ninety days of the Petition Date, $82,031.13 is preserved for the Bankruptcy Estate—funds available to pay the priority tax claims for which Debtor remains personally liable, and then his general unsecured creditors.

Creditors and Debtor alike are therefore better off if this Case remains open. And even as amended, the motion to dismiss identifies no cause under Section 707(a) of the Bankruptcy Code and does not address the prejudice that dismissal would inflict on creditors. For the reasons stated in the Response and below, the Court should deny it.

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## Supplemental Background

### *a. The Amended Motion to Dismiss*

2. On September 14, 2026, Trustee filed the Response [Doc. No. 32].

---

[1] Notably, this statement assumes that the IRS tax lien attaches to all Debtor's property irrespective of the county the lien is recorded in. Here, the IRS tax lien is recorded in a county other than the county where the Property (as defined in Trustee's original Response) lies. However, unlike Trustee, a Debtor cannot use the powers of Chapter 5 of the United States Bankruptcy Code to defeat that lien, and, upon information and belief, an IRS tax lien attaches to all Debtor's property irrespective of where it is located and irrespective of where a tax lien is recorded. Even if this legal premise is incorrect, if the instant case is dismissed, the dismissal will provide the IRS an opportunity to record the notice of tax lien in the county where the Property lies.

3. On September 16, 2026, Debtor, this time through his counsel of record, filed his Amended Motion to Dismiss Case and Request for Expedited Hearing of Issue [Doc. No. 33] (the "**Amended Motion**").[2]

4. The body of the Amended Motion recites only that Debtor filed a pro se motion to dismiss on September 3, 2026, that Trustee filed the Response on September 14, 2026, and that "Debtor amends his Motion with his Statement (attached) and requests that the Court hear this matter on an expedited basis." [Doc. No. 33].

5. Attached to the Amended Motion is Debtor's "Affidavit and Statement," in which Debtor states under penalty of perjury:

> Due to unforeseen circumstances, I am currently without employment, which has significantly impacted my ability to adhere to the repayment plan. Furthermore, I have a pending sale of my residence. **The proceeds from this sale are sufficient to pay off the mortgage and all creditors in full, with no deficit remaining.** My concern is that if the case remains open, the time required for the court to disburse these funds would delay access to necessary living expenses, potentially leaving me homeless. Expediting the dismissal will allow these funds to be released promptly, ensuring all parties are paid and preventing severe financial hardship.

[Doc. No. 33] (emphasis added).

6. On September 17, 2026, Debtor noticed the Amended Motion for hearing [Doc. No. 35], and on September 18, 2026, the Court entered its Order and Notice Setting Hearing of Debtor's Motion to Dismiss Case, setting the hearing for September 24, 2026 at 11:00 a.m. in Courtroom 1203, Atlanta, Georgia [Doc. No. 37].

7. On September 17, 2026, Trustee filed his Chapter 7 Trustee's Report of Assets and Request to Set Claim Deadline [Doc. No. 34], and the Clerk issued a Notice Setting Deadline to File

---

2 Debtor filed the original motion to dismiss [Doc. No. 28] personally. The Amended Motion was filed by Milton D. Jones, Debtor's counsel of record. Trustee treats the two filings together as the motion to dismiss now before the Court.

Proofs of Claim fixing December 16, 2026 as the claims bar date [Doc. No. 36].

***b. The Claims Filed in Debtor's First Bankruptcy Case***

8. As stated in the Response, Debtor filed a prior case under Chapter 13 on January 22, 2026, Case No. 26-50902 (the "**First Case**"), which was dismissed on April 8, 2026 for failure to make plan payments.

9. Twelve proofs of claim were filed in the First Case, asserting $1,064,037.88 in the aggregate, of which $430,012.69 was asserted as secured and $129,730.72 was asserted as priority.

10. The Internal Revenue Service (the "**IRS**") filed Claim No. 7 in the First Case on February 19, 2026, asserting a claim of $606,531.20, of which $124,328.62 was asserted as priority and none was asserted as secured.

11. The Georgia Department of Revenue (the "**GDOR**") filed Claim No. 5 in the First Case on February 3, 2026, asserting a claim of $49,367.89, of which $31,620.73 was asserted as secured and $5,402.10 was asserted as priority.

12. Farmers and Merchants Bank filed Claim No. 10 in the First Case on March 9, 2026, asserting a secured claim of $363,615.82.

13. The claims filed in the First Case establish that Debtor's liabilities to the IRS and the GDOR were substantial, were asserted of record, and were known to Debtor months before he commenced this Case.

***c. The Claims Filed in This Case***

14. Eleven proofs of claim have been filed in this Case to date, asserting $470,457.21 in the aggregate, of which $456,149.28 is asserted as secured and $5,530.10 is asserted as priority. Approximately $8,777.83 is asserted as general unsecured debt.

15. United Auto Acceptance Corp. filed Claim No. 1 on June 5, 2026, asserting a secured

claim of $35,402.96.

16. The GDOR filed Claim No. 2 on June 8, 2026, asserting a claim of $50,146.20, of which $44,616.10 is asserted as secured and $5,530.10 is asserted as priority.

17. Farmers and Merchants Bank filed Claim No. 5 on June 11, 2026, asserting a secured claim of $376,130.22.

18. The IRS has not yet filed a proof of claim in this Case. The deadline for governmental units to file claims is December 28, 2026, and the general claims bar date is December 16, 2026. Given the claim the IRS filed in the First Case and the Notice of Federal Tax Lien described below, Trustee expects the IRS to assert a substantial claim in this Case.

***d. The Liens Encumbering the Property***

19. Debtor purchased the Property on December 21, 2020 for $400,000.00.

20. The pending sale referenced in Debtor's Affidavit and Statement is, based on the information available to Trustee, a pending offer of $564,000.00.[3]

21. The following liens and encumbrances of record encumber the Property, in order of recording: (a) the security deed in favor of Farmers and Merchants Bank, dated December 21, 2020, securing $376,130.22 per Claim No. 5; (b) the writ of fieri facias in favor of United Auto Acceptance Corp., recorded April 19, 2022, in the amount of $35,402.96 per Claim No. 1; (c) the GDOR state tax execution recorded July 11, 2022, covering tax years 2014, 2015, 2018, and 2019, in the amount of $32,071.65; (d) the writ of fieri facias in favor of Danco, recorded May 6, 2024, in the amount of

[3] The figures stated in this Supplement assume a sale at the pending offer of $564,000.00 and a real estate commission of six percent. Those figures will change if the sale price, the commission, or the costs of sale differ. Trustee's investigation is ongoing, and Trustee reserves all rights, including the right to contest the amount, validity, priority, and extent of each lien described in this Supplement and the exemption claimed in Debtor's Amended Schedule C [Doc. No. 25].

$4,524.04; (e) the writ of fieri facias in favor of AICA Orthopedics McDonough, recorded March 31, 2026, in the amount of $16,611.31; (f) the GDOR state tax executions recorded April 17, 2026, covering tax years 2017, 2021, and 2022, in amounts totaling $18,074.55, including State Tax Execution No. REV 241691960 for tax year 2022, recorded in the records of the Superior Court of Henry County, Georgia at Book 1941, Page 134 as Document No. L2026-006131; and (g) the Notice of Federal Tax Lien in favor of the IRS, IRS Form 668(Y)(c), Serial No. 540313126, signed May 5, 2026 and recorded May 13, 2026 at Book 1774, Page 615, which identifies unpaid assessments for tax years 2014, 2015, 2016, 2017, 2018, 2019, 2021, and 2022 totaling $326,817.21.

22. Those liens total $809,631.94. Upon information and belief, the pending offer is $564,000.00. The liens of record therefore exceed the pending sale price by $245,631.94, before any real estate commission or other cost of sale.

23. Three of those liens—the AICA Orthopedics McDonough fieri facias recorded March 31, 2026, the GDOR state tax executions recorded April 17, 2026, and the IRS Notice of Federal Tax Lien recorded May 13, 2026—were each recorded within ninety days of the Petition Date. The GDOR executions and the IRS Notice of Federal Tax Lien were each recorded in the interval between the dismissal of the First Case on April 8, 2026 and the filing of this Case on June 1, 2026. Trustee intends to avoid those liens and to preserve them for the benefit of the Bankruptcy Estate.[4]

***e. Creditors and Debtor Are Both Better Off if the Case Remains Open***

24. If this Case is dismissed and Debtor sells the Property under state law at the pending offer, the proceeds are distributed as follows: the sale price of $564,000.00, less a real estate

---

[4] Trustee asserts that he may avoid these liens and related transfers under various provisions of the Bankruptcy Code, including Sections 544 and 547, and preserve them for the benefit of the Bankruptcy Estate under Section 551, and other applicable law.

commission of $33,840.00, less Farmers and Merchants Bank ($376,130.22), less United Auto Acceptance Corp. ($35,402.96), less Danco ($4,524.04), and less the GDOR lien recorded July 11, 2022 ($32,071.65), leaves $82,031.13.[5]

25. That $82,031.13 is then consumed by the very liens Trustee can avoid: the AICA Orthopedics McDonough fieri facias ($16,611.31) and the GDOR state tax executions recorded April 17, 2026 ($18,074.55), leaving $47,345.27 to be applied against the IRS lien of $326,817.21—a shortfall to the IRS of $279,471.94.

26. Under that scenario, therefore: the IRS recovers $47,345.27 of the $326,817.21 it claims; the general unsecured creditors who have filed the approximately $8,777.83 of claims in this Case receive nothing; Debtor receives nothing; and Debtor remains personally liable for the unpaid balance of his federal and state tax obligations.

27. If this Case remains open and Trustee sells the Property and avoids the three liens recorded within ninety days of the Petition Date, the same senior liens are paid in the same amounts, and the $82,031.13 that would otherwise be consumed by the avoidable liens is instead preserved for the Bankruptcy Estate.

28. Those funds would be available to pay the costs of administration of the Bankruptcy Estate and then, in the order of priority fixed by the Bankruptcy Code, the priority tax claims of the GDOR and the IRS, and then the claims of general unsecured creditors.

29. Payment of the priority tax claims from Bankruptcy Estate funds directly benefits Debtor. Taxes of the kind specified in Section 507(a)(8) of the Bankruptcy Code are excepted from discharge, so every dollar of those claims paid by Trustee is a dollar Debtor does not continue to owe

---

[5] Importantly, the lien amounts stated are taken from the proofs of claim filed in this Case, the recorded lien documents, and Trustee's investigation to date.

after this Case closes.[6]

30. The premise of Debtor's sworn statement—that the sale proceeds "are sufficient to pay off the mortgage and all creditors in full, with no deficit remaining"—is therefore incorrect. A sale at the pending offer leaves a deficit of $279,471.94 to the IRS alone, and leaves every general unsecured creditor unpaid.

**Relief Requested**

31. Trustee requests an order denying Debtor's Motion to Dismiss, as amended by the Amended Motion.

32. In the alternative, and to the extent the Court intends to take up evidence on the Motion to Dismiss and the Amended Motion, Trustee requests a scheduling order, setting discovery and any other deadlines the Court considers appropriate.

**Basis for Relief Requested**

33. Trustee incorporates the authorities and argument set forth in the Response as though fully stated here. [Doc. No. 32]. As stated there, a Chapter 7 debtor has no absolute right to dismissal; the movant bears the burden of establishing cause under Section 707(a) of the Bankruptcy Code; and, even where cause is shown, "the court should deny the motion if there is any showing of prejudice to creditors." *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000); *see also Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 743 (11th Cir. 2000); *In re Dream Street, Inc.*, 221 B.R. 724, 725-726 (Bkrtcy.W.D.Tex. 1998); *In re Blackmon*, 3 B.R. 167, 169 (Bankr. S.D. Ohio 1980).

34. The Amended Motion does not cure the defect identified in the Response. It adds three assertions —that Debtor is unemployed, that a sale of the Property is pending, and that Debtor

6 *See* 11 U.S.C. § 523(a)(1)(A) (excepting from discharge taxes of the kind and for the periods specified in Section 507(a)(8)).

needs the proceeds of that sale—but it does not identify any cause for dismissal, and it cites no statute, rule, or decision.

35. Unemployment is not cause to dismiss a Chapter 7 case. Debtor's statement that his loss of employment "has significantly impacted my ability to adhere to the repayment plan" describes a Chapter 13 problem. [Doc. No. 33]. This is a Chapter 7 case. There is no plan and there are no plan payments for Debtor to make, and Debtor's income has no bearing on Trustee's administration of the Property.

36. Neither is the pendency of a sale cause for dismissal. Trustee is the sole representative of the Bankruptcy Estate, 11 U.S.C. § 323, and the Property is property of the Bankruptcy Estate, 11 U.S.C. § 541(a)(1). That a buyer is willing to purchase the Property is a reason for this Case to remain open so that the sale may be administered for the benefit of creditors, not a reason to dismiss.

37. And the remaining assertion—that the proceeds will "pay off the mortgage and all creditors in full"—is not a showing of the absence of prejudice. It is incorrect. The liens of record exceed the pending sale price by $245,631.94. On Debtor's own proposed transaction, the IRS alone is left $279,471.94 short and no general unsecured creditor is paid anything at all.

38. The prejudice to creditors from dismissal is therefore not speculative; it is quantified. Dismissal would cost the Bankruptcy Estate the $82,031.13 that avoidance and preservation of the liens recorded within ninety days of the Petition Date would make available, and would cost the holders of the approximately $8,777.83 of general unsecured claims their entire distribution. *See, e.g.*, *In re Martin*, 30 B.R. 24, 26 (Bankr. E.D.N.C. 1983). Dismissal would also reinstate the avoided liens and revest the Property in Debtor. 11 U.S.C. § 349(b).

39. Debtor's stated concern is one of timing rather than cause. He says that he needs funds and fears delay. That concern does not require dismissal, and dismissal would not answer it: on the

numbers set out above, a sale under state law returns nothing to Debtor. Trustee is prepared to proceed expeditiously with the administration of the Property, and Trustee does not oppose the expedited setting Debtor has requested.

40. Trustee notes, in the interest of candor, that the Amended Motion was filed by Debtor's counsel of record, which addresses the procedural irregularity raised in paragraph 36 of the Response. That development does not affect the substance of Trustee's opposition.

41. As a result, and for the reasons stated in the Response, Debtor has not carried his burden of establishing cause, he has not shown the absence of prejudice to creditors, and the Court should deny the Motion to Dismiss and the Amended Motion.

WHEREFORE, Trustee prays that the Court deny the Motion to Dismiss and the Amended Motion, or alternatively, enter a scheduling order for discovery and any other matters considered appropriate by the Court, and the Court grant such other and further relief as it considers just and proper.

Respectfully submitted, this 22nd day of September, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
Attorneys for Trustee

By: *<u>/s/ Michael J. Bargar</u>*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**CERTIFICATE OF SERVICE**

This is to certify that I, Michael J. Bargar, have this day caused to be served the foregoing Trustee's Supplement to Response in Opposition to Debtor's Motion to Dismiss Case upon the following parties by first class United States mail at the addresses stated:

Curtis Walter Hinton, Jr.
209 Kingscastle Drive
Ellenwood, GA 30294

Milton D. Jones, Attorney
P.O. Box 533
Lovejoy, GA 30250

S. Gregory Hays, Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Georgia Department of Revenue
Bankruptcy Section
2595 Century Parkway, NE, Suite 339
Atlanta, GA 30345

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 22nd day of September, 2026.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709